```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                   )
ESDRAS AARON CALEL CUMES,          )
                                   )
                  Petitioner,      )
                                   )
v.                                 )   Civil Action
                                   )   No. 25-cv-12514-PBS
ANTONE MONIZ, Superintendent,      )
Plymouth County Correctional       )
Facility, et al.,                  )
                                   )
                  Respondents.     )
_____)
```

**ORDER**

October 6, 2025

Saris, J.

Petitioner Esdras Aaron Calel Cumes ("Petitioner") brings this habeas petition under 28 U.S.C. § 2241 on the grounds that his ongoing immigration detention without a bond hearing violates the Immigration and Nationality Act and due process. After hearing, the Court allows the habeas petition.

As brief background, Petitioner, a citizen of Guatemala, entered the United States without inspection in 2020. He has since lived in Massachusetts. In September 2024, a U.S. Border Patrol agent apprehended Petitioner driving a passenger who had just unlawfully crossed the border from Canada into the United States. Petitioner was charged in federal court with knowingly transporting a noncitizen unlawfully present in the United States

1

in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Petitioner pleaded guilty to the charge and, on August 21, 2025, was sentenced to time served.

The U.S. Department of Homeland Security ("DHS") arrested Petitioner immediately following his sentencing and issued an arrest warrant. DHS also served Petitioner with a notice to appear charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present without admission or parole and under 8 U.S.C. § 1182(a)(7)(A)(i) for lacking valid entry documents. Petitioner has been detained since his arrest at the Plymouth County Correctional Facility in Massachusetts. At Petitioner's request, an immigration judge held a bond hearing on September 15, 2025. The government argued that Petitioner was statutorily ineligible for bond because, having entered the country without admission or parole, he is an "applicant for admission" subject to mandatory detention during his removal proceedings under 8 U.S.C. § 1225(b)(2)(A). The immigration judge agreed and refused to release Petitioner.

Petitioner's primary argument in support of his habeas petition is that his detention during removal proceedings is governed by 8 U.S.C. § 1226, not § 1225(b)(2)(A). The government disagrees.[1] The statutory authority for Petitioner's detention

---

[1] Although the government asserts in the introduction to its brief that Petitioner "has failed to . . . exhaust his administrative

2

matters because § 1225(b)(2)(A) "mandate[s] detention . . . until [removal] proceedings have concluded" in almost all cases while § 1226 generally permits the government to release the noncitizen on bond or conditional parole. Jennings v. Rodriguez, 583 U.S. 281, 288, 297 (2018).

This Court addressed the interplay of these two detention provisions in its recent decision in Guerrero Orellana v. Moniz. See __ F. Supp. 3d __, __ (D. Mass. 2025) [2025 WL 2809996, at *4-9]. The Court concluded that § 1226, not § 1225(b)(2)(A), governs the detention pending removal proceedings of a noncitizen who entered the United States without admission or parole, was apprehended while residing in the country, and is not subject to the expedited removal process under 8 U.S.C. § 1225(b)(1). See id. For the reasons stated in Guerrero Orellana, the Court agrees with Petitioner that his detention is governed by § 1226.

This conclusion does not, however, fully resolve the question of whether Petitioner is eligible for release on bond or conditional parole. Section 1226 itself "distinguishes between two different categories of" noncitizens who are arrested and detained

---

remedies" with regard to this argument, Dkt. 12 at 1, the government never fleshes out this assertion. The Court therefore deems any argument regarding a failure to exhaust administrative remedies to be waived. See Glob. NAPs, Inc. v. Verizon New Eng. Inc., 603 F.3d 71, 85 (1st Cir. 2010) ("Arguments that a party failed to exhaust its administrative remedies are waivable unless an exhaustion requirement is jurisdictional.").

3

pending removal proceedings. Jennings, 583 U.S. at 288. Under "the default rule," a noncitizen may be detained at the government's discretion and is entitled to seek review of that decision via a bond hearing in immigration court. Id.; see 8 U.S.C. § 1226(a)(1)-(2); Hernandez-Lara v. Lyons, 10 F.4th 19, 26 (1st Cir. 2021). But noncitizens who are inadmissible or deportable on certain criminal and terrorist grounds are subject to mandatory detention. See Reid v. Donelan, 17 F.4th 1, 4 (1st Cir. 2021). These noncitizens generally are not entitled to bond hearings, see Johnson v. Guzman Chavez, 594 U.S. 523, 527 & n.2 (2021), although "the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention," Reid, 17 F.4th at 7 (quoting Reid v. Donelan, 819 F.3d 486, 494 (1st Cir. 2016)).

The parties disagree as to whether Petitioner is subject to discretionary detention under § 1226(a) or mandatory detention under § 1226(c). The government contends that Petitioner's criminal conviction under 8 U.S.C. § 1324(a)(1)(A)(ii) constitutes an aggravated felony that triggers mandatory detention under § 1226(c). Petitioner denies that his conviction qualifies as an aggravated felony.

The Court leaves the question of whether Petitioner's criminal conviction triggers mandatory detention under § 1226(c) to the immigration judge to address in the first instance. Noncitizens "who deny that they satisfy any § 1226(c) predicate

may challenge their mandatory detention in a Joseph hearing" in immigration court. Nielsen v. Preap, 586 U.S. 392, 418 n.8 (2019); see 8 C.F.R. § 1003.19(h)(2)(ii). No immigration judge has yet addressed whether Petitioner's criminal conviction qualifies as an aggravated felony, so the Court declines to resolve the matter. Cf. Smith v. Berryhill, 587 U.S. 471, 488 (2019) ("Fundamental principles of administrative law . . . teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question.").

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** the government to provide Petitioner with a hearing before an immigration judge to consider his request for release from detention under the framework of 8 U.S.C. § 1226 within seven business days from the date of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge